IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronald Satish Emrit,[1] | ) | Case No. 3:25-cv-12996-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Erin Burnett, Jason Carroll, Andrew | ) | |
| Kaczynski, Manu Raju, Dr. Sanjay | ) | |
| Gupta, Jake Tapper, Lawrence | ) | |
| O'Donnell, BMW Cars of North America, | ) | |
| Barry Levine, Nancy Mace, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon review of Plaintiff's complaint. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On October 7, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections.[2]

---

[1] Plaintiff also identifies himself as Presidential Candidate Number P60005535 & Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America.

[2] On November 7, 2025, Plaintiff filed an interlocutory appeal of the Report. ECF No. 9. On April 27, 2026, the Fourth Circuit dismissed the appeal, and the mandate was

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the Report's recommendation. This action is **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend.[3]

---

filed on May 19, 2026. ECF Nos. 15, 17. Thereafter, the Court reset the time to file objections. ECF No. 18. That order was returned as undeliverable. ECF No. 20. The order was then remailed and has not been returned. ECF No. 21.

[3] The Magistrate Judge further recommends that Plaintiff be required to show cause why he should not be subject to a pre-filing injunction if he files future complaints in this District. ECF No. 6 at 6. The Court agrees that Plaintiff's previous behavior would likely satisfy the factors articulated in *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812,

## CONCLUSION

For the foregoing reasons, the Court agrees with the recommendation of the Magistrate Judge.  This action is **DISMISSED** without leave to amend and without issuance and service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

July 22, 2026
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

817 (4th Cir. 2004).  In the event that Plaintiff files another action in this District, the Magistrate Judge, within her discretion, may specifically recommend such narrowly-tailored prefiling restrictions for adoption or modification by the Court.